IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

VASILIY I. PRYCHYNA,

                Plaintiff,                              No. CV-11-122-HZ

        v.                                    OPINION AND ORDER

BARRETT BUSINESS SERVICES, INC., and
PORTLAND CHIMNEY, INC. dba
PORTLAND CHIMNEY & MASONRY INC.
and as PORTLAND CHIMNEY,

                Defendants.

Carl Lee Post
Daniel J. Snyder
Erin C. McCool
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, OR 97205

        Attorneys for Plaintiff

Krishna Balasubramani
Rebecca A.G. Watkins
SATHER, BYERLY & HOLLOWAY, LLP
111 SW Fifth Avenue

1 - OPINION AND ORDER

Suite 1200
Portland, OR 97204

     Attorneys for Defendant Barrett Business Services, Inc.

Jean Ohman Back
Sharon E. Rye
SCHWABE WILLIAMSON & WYATT, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204

     Attorneys for Defendant Portland Chimney, Inc.

HERNANDEZ, District Judge:

     On January 31, 2011, Vasiliy I. Prychyna ("Plaintiff" or "Prychyna") filed a complaint against Barrett Business Services, Inc. ("BBSI") and Portland Chimney, Inc. ("Portland Chimney") (collectively, "Defendants").  Plaintiff filed a First Amended Complaint ("Amended Complaint") on June 24, 2011, alleging (1) violations under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; (2) violations under ORS § 659A.040 for worker's compensation retaliation and discrimination; (3) violations under ORS 659A.046 for failure to reemploy Plaintiff; (4) violations under ORS 659A.043 for failure to reinstate Plaintiff; (5) wrongful termination; (6) breach of contract; (7) and failure to pay wages under Oregon's wage claim statutes.  See Am. Compl., ¶¶ 45-120.  Now before me are the motions to dismiss (doc. #32 and #35) by BBSI and Portland Chimney pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule").  Also before me are Portland Chimney's motion to strike (doc. #35) pursuant to Rule 12(f), Portland Chimney's motion to make Plaintiff's claims more definite and certain (doc. #35) pursuant to Rule 12(e), and Plaintiff's motion for leave to file a second

2 - OPINION AND ORDER

amended complaint.  For the reasons that follow, BBSI's motion to dismiss is DENIED, Portland Chimney's motion to dismiss is GRANTED in part and DENIED in part, Portland Chimney's motion to strike is DENIED, and Portland Chimney's motion to make Plaintiff's claims more definite and certain is DENIED.  Plaintiff's motion for leave to file a second amended complaint is DENIED, and he is ordered to seek leave by formal motion if he desires to seek leave to amend his complaint.

## BACKGROUND

The following allegations in the Amended Complaint are accepted as true for the purpose of evaluating Defendants' motions to dismiss:

On April 29, 2005, Plaintiff began working for Portland Chimney as an assistant chimney mason and later as a chimney mason.  Id., ¶ 20.  Plaintiff built brick chimneys, chimney crowns, chimney foundations, erected scaffolding, installed chimney and roof flashing, repaired roofs, installed stucco, and built fireplaces.  Id.  Plaintiff's supervisors at Portland Chimney were Bill Lee, Portland Chimney's sales manager and owner, and Therese Lee, Portland Chimney's office manager and co-owner.  Id., ¶¶ 12, 20.  Bill Lee sometimes required Plaintiff to work without pay and to buy building supplies out of Plaintiff's own pocket.  Id., ¶ 23.

Portland Chimney "direct[ed] all of Plaintiff's work."  Id., ¶ 21.  BBSI, on the other hand, handled Portland Chimney's accounting, processed Plaintiff's workers' compensation claim, and issued Plaintiff's paychecks.  Id., ¶¶ 21, 26.  BBSI also had a contract with Portland Chimney "which required . . . BBSI to hire Plaintiff" and which gave BBSI "the right to hire, discipline and terminate Plaintiff's employment."  Id., ¶ 22.

On May 12, 2009, while Plaintiff was working at Portland Chimney, "a power saw kicked back and cut off [Plaintiff's] great toe and second toe, fractured his great toe, and amputated part of his foot behind the great toe of his left foot." Id., ¶ 25. Following the accident, Plaintiff "made a workers' compensation claim with . . . BBSI and . . . Portland Chimney" and "BBSI processed the workers' compensation claim in house through its Vancouver, Washington, office." Id., ¶ 26. On June 23, 2009, BBSI accepted Plaintiff's workers' compensation claim as a compensable disabling injury, listing itself as "Plaintiff's employer on the Initial Notice of Acceptance form." Id., ¶ 28. Defendants, however, did not notify Plaintiff that he "was to apply for FMLA or [the Oregon Family Leave Act ("OFLA")]." Id., ¶ 27.

Plaintiff was on medical leave from May 12, 2009, through November 5, 2009. Id. Starting on November 5, 2009, Plaintiff began working for BBSI, at its Portland, Oregon, office "eight hours per day doing office work." Id., ¶ 29. On December 1, 2009, Plaintiff told Therese Lee that he would soon be released to return to regular work and upon asking for his regular job back, she "told Plaintiff that his job was still available" and directed him to "contact . . . BBSI about returning to work." Id., ¶ 30. Plaintiff worked at BBSI until December 5, 2009. Id., ¶ 29.

On December 5, 2009, Plaintiff's physician released him to return to regular work, after which Plaintiff made a request to Suzanne Smith ("Smith"), BBSI's human resources manager, "to return him to work." Id., ¶¶ 11, 31. She replied "that she could only offer him light duty work." Id., ¶ 31. She directed Plaintiff to return to work on December 28, 2009, and to report to BBSI's office located in Portland, Oregon. Id.

On December 8, 2009, however, Therese Lee told Plaintiff that he was laid off "because he was going to have another surgery in January 2010." Id., ¶ 32. On December 22, 2009, Smith

called Plaintiff's wife and told her that "there was no reason for Plaintiff to return to work." Id., ¶ 33. When Plaintiff went back to Portland Chimney on December 28, 2009, Therese Lee "became angry" and "told Plaintiff to leave and go back to . . . BBSI." Id., ¶ 34. She also said "there was no modified duty or regular duty work for [Plaintiff]" and "told [him] to apply for unemployment." Id., ¶ 35. The next day, on December 29, 2009, Plaintiff's wife spoke to Smith, who told her that Plaintiff was laid off and should apply for unemployment. Id., ¶ 36.

On January 26, 2010, "Plaintiff had further surgery related to his compensable work place injury" and was on medical leave from January 26, 2010, through April 18, 2010. Id., ¶ 37. In April 2010, Plaintiff was released to return to modified duty work and Plaintiff "went back to work for . . . BBSI doing modified duty office work" at its office in Portland, Oregon. Id., ¶ 38. In June 2010, "Plaintiff was released to work four hours of modified duty and four hours of regular duty per day." Id., ¶ 39. Smith told Plaintiff that "she did not have work for him like that and sent him home." Id., ¶ 39. BBSI, however, later employed Plaintiff to do "modified duty" work until August 18, 2010. Id., ¶ 40. On August 19, 2010, Plaintiff was released by his physician to "return to regular work." Id., ¶ 42. Smith told "Plaintiff that 'there [were] no more jobs available for [Plaintiff]'" and that he could "'go on unemployment.'" Id. On October 25, 2010, "BBSI issued a Notice of Closure, which listed . . . BBSI as Plaintiff's employer . . . ." Id., ¶ 44.

## STANDARDS

### I. Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action." See Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Id. To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted). Plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 970 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, a court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Kahle v. Gonzales, 474 F.3d 665, 667 (9th Cir. 2007). The court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." Nat'l Org. for Women v. Scheidler, 510 U.S. 249, 256 (1994) (citation omitted). The court need not, however, "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/ / /

6 - OPINION AND ORDER

**II. Motion to Strike**

Rule 12(f) provides that district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." E.g., Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895, at *24 (E.D. Cal. 2009).

**III. Motion to Make Plaintiff's Claims More Definite and Certain Pursuant to Rule 12(e)**

Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

A motion for a more definite statement "must be considered in light of the liberal pleading standards of Rule 8(a)[,]" which requires that a complaint "need only be a short and plain statement of the claim showing that the pleader is entitled to relief." Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (internal quotations and citations omitted). Relief under Rule 12(e) is warranted where "the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and literally cannot frame a responsive

pleading." Hubbs v. Cnty. of San Bernardino, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008)

(internal quotations and citations omitted).

### DISCUSSION

**I. BBSI's Motion to Dismiss**

**A. BBSI's Motion to Dismiss Plaintiff's First Claim for Relief**

BBSI seeks to dismiss Plaintiff's first claim for relief alleging violations under FMLA.[1]

FMLA was enacted "to balance the demands of the workplace with the needs of families . . . in a

manner that accommodates the legitimate interests of employers . . . ." Moreau v. Air Fr., 356

F.3d 942, 945 (9th Cir. 2004) (citing 29 U.S.C. § 2601(b)).  The Ninth Circuit recognizes three

types of claims under FMLA: (1) violations when an employer interferes with an employee's

exercise of rights under FMLA, 29 U.S.C. § 2615(a)(1); (2) violations for retaliating against

employees for instituting or participating in proceedings or inquiries under FMLA, 29 U.S.C. §

2615(b); and (3) violations when an employer discriminates against an employee for opposing

any practice prohibited by the FMLA, 29 U.S.C. § 2615(a)(2).  E.g., Bachelder v. Am. W.

Airlines, Inc., 259 F.3d 1112, 1124 (9th Cir. 2001).

BBSI asserts that it is merely a Professional Employer Organization ("PEO"), as defined

under FMLA, which provided only administrative services to Portland Chimney, including

payroll services and the processing of Plaintiff's workers' compensation claim.  BBSI argues that

Plaintiff was an employee of Portland Chimney and that Portland Chimney, not BBSI, had the

authority to direct and control Plaintiff's work.  It contends that Plaintiff's first claim for relief

---

[1] Portland Chimney incorporates and adopts the position taken by BBSI with respect to
Plaintiff's first claim for relief.  See Portland Chimney Reply, p. 2.

must therefore be dismissed because BBSI is not an employer or joint employer as defined under FMLA.

Plaintiff contends that the Amended Complaint alleges sufficient facts establishing BBSI as Plaintiff's employer or joint employer, and alleges sufficient facts showing BBSI had the right to hire, discipline, and terminate Plaintiff.

For purposes of FMLA, the term "employer" under 29 U.S.C. § 2611(4) "means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year . . . ." An employer includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer . . . ." 29 U.S.C. § 2611(4)(A).

The administrative regulations interpreting FMLA provide guidance with respect to whether an employer may be considered a "joint employer":

> Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
>
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
>
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the

9 - OPINION AND ORDER

> employee, directly or indirectly, because one employer controls, is controlled
> by, or is under common control with the other employer. . . .

29 C.F.R. § 825.106(a).

The administrative regulations also state that "joint employment will ordinarily be found

to exist when a temporary placement agency supplies employees to a second employer." 29

C.F.R. § 825.106.29(b)(1).  They go on to state:

> A determination of whether or not a joint employment relationship exists is not
> determined by the application of any single criterion, but rather the entire relationship
> is to be viewed in its totality. . . . A type of company that is often called a
> "Professional Employer Organization" (PEO) contracts with client employers to
> perform administrative functions such as payroll, benefits, regulatory paperwork, and
> updating employment policies. The determination of whether a PEO is a joint
> employer also turns on the economic realities of the situation and must be based upon
> all the facts and circumstances.  A PEO does not enter into a joint employment
> relationship with the employees of its client companies when it merely performs such
> administrative functions. <u>On the other hand, if in a particular fact situation, a PEO
> has the right to hire, fire, assign, or direct and control the client's employees, or
> benefits from the work that the employees perform, such rights may lead to a
> determination that the PEO would be a joint employer with the client employer,
> depending upon all the facts and circumstances.</u>

29 C.F.R. § 825.106 (b)(2) (emphasis added).

The Ninth Circuit has endorsed a four-factor "economic realities" test for determining

joint employment in the context of FMLA.  <u>See</u> <u>Moreau</u>, 356 F.3d at 946-47.  Under this test, a

court must examine whether the alleged joint employer (1) had the power to hire and fire the

employee; (2) supervised and controlled employee work schedules or conditions of employment;

(3) determined the rate and method of payment; and (4) maintained employment records.  <u>See</u> <u>Id.</u>

(citation omitted).

Here, Defendants concede that Plaintiff's allegations in the Amended Complaint establish

BBSI as a PEO within the meaning of FMLA.  <u>See</u> BBSI Reply, p. 4; <u>see also</u> Portland Chimney

Mem., p. 3.  BBSI also concedes that the Amended Complaint expressly alleges it had a contract

with Portland Chimney requiring "BBSI to hire Plaintiff" and that "BBSI had the right to hire,

discipline and terminate Plaintiff's employment."  Am. Compl., ¶ 22.

      BBSI cites the supplementary information section of the federal regulations for the

proposition that a contractual reservation of a PEO's right to hire or fire does not in itself create

an employment relationship.  73 Fed. Reg. 67934, 68079 (Nov. 17, 2008).  The supplementary

information section on which BBSI relies, however, simply consists of the Department of

Labor's ("DOL") summary of comments by the public concerning the proposed changes to the

FMLA regulations then being contemplated.  Id.  Specifically, the section cited by BBSI notes

the DOL's observation that "many of the commenters expressed concern" that the FMLA

regulations focused more on the "PEO's 'right' to make certain employment decisions" rather

than "the 'actual' role [the PEO] exercise[d] when evaluating whether the PEO is a joint

employer."  Id.  The DOL noted that commenters were particularly concerned "in light of the fact

that several states' laws require[d] PEOs to reserve such rights in their contracts with client

employers."  Id.  BBSI fails to cite any authority standing for the proposition that a contractual

reservation of a PEO's right to hire or fire is insufficient to create an employment relationship.

In fact, BBSI's position runs contrary to the administrative regulations, which expressly state that

in "particular fact situation[s]," a PEO having "the <u>right</u> to hire, fire, assign, or direct and control

the client's employees, or benefits from the work that the employees perform, . . . <u>may</u> lead to a

determination that the PEO would be a joint employer with the client employer . . . ."  29 C.F.R.

§ 825.106 (b)(2) (emphasis added).

11 - OPINION AND ORDER

In addition, the Amended Complaint does not simply allege that BBSI "reserved" the right to hire, fire, and discipline Plaintiff.  It also alleges that "Plaintiff worked for Defendant BBSI, at its [Portland] office . . . eight hours per day doing office work" from November 2009 through December 2009, "work[ed] for Defendant BBSI doing modified duty office work at its [Portland] location" in April 2010, and "was working on modified duty for . . . BBSI" in July 2010.  Am Compl., ¶¶ 29, 38, 41.

Considering the totality of the circumstances and the "economic reality" of the relationship between BBSI and Plaintiff as alleged in the Amended Complaint, BBSI's motion to dismiss Plaintiff's first claim for relief is denied.

### B.  Plaintiff's Second, Third, and Fourth Claims for Relief Under ORS 659A

I turn next to Plaintiff's second, third, and fourth claims for relief against BBSI alleging violations under ORS 659A.040, ORS 659A.046, and ORS 659A.043, respectively.  Under ORS 659A.040(1), "[i]t is . . . unlawful . . . for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 . . . ."  ORS 659A.046(1) provides that "[a] worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable."  Pursuant to ORS 659A.043(1), "[a] worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position."

12 - OPINION AND ORDER

Plaintiff asserts that he has sufficiently pled facts establishing BBSI as both a direct employer or joint employer of Plaintiff.  To the extent that Plaintiff asserts Defendants were joint employers obligated to reinstate him to his former position, I find such argument unavailing. Plaintiff fails to cite any authority stating that the joint employer theory applies to ORS 659A.  In fact, a court within the federal district of Oregon has previously stated that "the 'joint employer' theory is not recognized by Oregon state law within the context of employment discrimination claims."  See Ford-Torres v. Cascade Valley Telecom, Inc., Civil No. 06-914-AA, 2008 WL 551503, at *5 (D. Or. 2008).

BBSI contends Plaintiff's claims fail because he does not allege that BBSI controlled Plaintiff with respect to his masonry work.  Plaintiff asserts that the Amended Complaint sufficiently alleges BBSI was Plaintiff's employer and wrongfully terminated him in violation of ORS 659A.040, 659A.043, and 659A.046.

Pursuant to ORS 659A.001(4), an "employer" means "any person who . . . directly or through an agent, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed."  Four factors are relevant to determine whether a putative employer has the right to control an individual: (1) any direct evidence of the right to, or the exercise of, control, (2) the method of payment, (3) the furnishing of equipment, and (4) the right to terminate.  Cantua v. Creager, 7 P.3d 693, 700 (Or. Ct. App. 2000).  As noted earlier, Plaintiff explicitly alleges that a contract between BBSI and Portland Chimney required "BBSI to hire Plaintiff" and gave BBSI "the right to hire, discipline and terminate Plaintiff's employment."  Am. Compl., ¶ 22.  Accepting as true all the factual content alleged in the Amended Complaint, and drawing all reasonable inferences in Plaintiff's

13 - OPINION AND ORDER

favor, I find Plaintiff has sufficiently alleged that BBSI controlled Plaintiff with respect to his masonry work within the meaning of ORS 659.001(4).

BBSI also argues that with respect to ORS 659A.043, Plaintiff fails to plead any facts showing BBSI engaged in the business of masonry or had chimney mason positions at the time of Plaintiff's release back to work.[2]  BBSI's argument is inapposite.

Pursuant to ORS 659A.043, "[a] worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position."  ORS 659A.043(1).  Here, the Amended Complaint expressly alleges that on December 1, 2009, Therese Lee told Plaintiff that his masonry position "was still available" and that he needed to contact "BBSI about returning to work."  See Am. Compl., ¶ 30.  It also alleges that pursuant to a contract between BBSI and Portland Chimney, BBSI was required to hire Plaintiff and had the "right to hire, discipline and terminate Plaintiff's employment."  Id., ¶ 22.  Assuming the facts alleged in the Amended Complaint as true, I find Plaintiff has sufficiently alleged that BBSI was Plaintiff's employer and failed to reinstate him to his former position in violation of ORS 659A.043(1).

BBSI's motion to dismiss Plaintiff's second, third, and fourth claims is denied.

**C.  Plaintiff's Fifth Claim for Relief: Wrongful Termination**

Under Oregon law an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement.  See Simpson v.

---

[2] BBSI misclassifies Plaintiff's fourth claim for relief as Plaintiff's fifth claim for relief in its opening brief.  See BBSI Mem., p. 7.

W. Graphics Corp., 643 P.2d 1276, 1278 (1982).  The tort of wrongful discharge is a narrow

exception to this general rule.  See Babick v. Or. Arena Corp., 40 P.3d 1059, 1061-62 (Or. 2002).

The tort of wrongful discharge was not intended to be a tort of general application but rather an

interstitial tort to provide a remedy when the conduct in question is unacceptable and no other

remedy is available.  Walsh v. Consol. Freightways, Inc., 563 P.2d 1205, 1208-09 (Or. 1977).

Oregon courts have recognized two circumstances that give rise to the common-law tort of

wrongful discharge: (1) discharge for exercising a job-related right of important public interest

and (2) discharge for complying with a public duty.  Babick, 40 P.3d at 1062.  Examples of the

first category include discharge for filing a worker's compensation claim, as is the case here.  See

Id.

       BBSI asserts that Plaintiff's fifth claim for relief fails to allege facts establishing BBSI

had the right to control Plaintiff with respect to his masonry work.  As discussed above, however,

Plaintiff has sufficiently alleged facts establishing that BBSI had the right to control Plaintiff's

work.  BBSI's motion to dismiss Plaintiff's fifth claim for relief is denied.

## II. Portland Chimney's Motion to Dismiss

### A. Portland Chimney's Motion to Dismiss Plaintiff's First Claim for Relief

       Portland Chimney asserts Plaintiff fails to allege that he used or pursued FMLA leave and

accordingly, Plaintiff's claims that he was retaliated against and terminated for invoking FMLA

must be dismissed.  Portland Chimney's assertion lacks merit.  "[I]t is the employer's

responsibility, not the employee's, to determine whether a leave request is likely to be covered by

[FMLA]."  Bachelder v. Am. W. Airlines, Inc., 259 F.3d at 1130.  The Ninth Circuit has

explicitly stated that "[t]he employee need not expressly assert rights under the FMLA or even

mention the FMLA, but may only state that leave is needed [for a qualifying reason]." Id.  It is

the employer who "should inquire further of the employee if it is necessary to have more

information about whether FMLA leave is being sought by the employee, and obtain the

necessary details of the leave to be taken." Id. (citing 29 C.F.R. § 825.302(c)).  In this instance,

Plaintiff alleges that he was injured while working for Portland Chimney "when a power saw

kicked back and cut off his great toe and second toe, fractured his great toe, and amputated part

of his foot behind the great toe of his left foot." Am. Compl., ¶ 25.  He alleges that after the

accident, Plaintiff made a workers' compensation claim with both Defendants, that BBSI

processed his workers' compensation claim, and that he took medical leaves of absence on at

least two separate occasions.  Id., ¶¶ 26, 27, 37.  The Amended Complaint sufficiently pleads that

Portland Chimney was aware that Plaintiff's medical leave was needed for a qualifying reason

and that Plaintiff's leave request was likely covered by FMLA.

      Portland Chimney also asserts that even if Plaintiff has adequately pled facts establishing

Defendants as joint employers within the meaning of FMLA, he fails to allege any facts that

Portland Chimney employed fifty or more employees for each working day during each of twenty

or more calendar workweeks as required under 29 U.S.C. § 2611(4).  FMLA carves out a "small

employer exception" which excludes employers with fewer than 50 employees.  Moreau, 356

F.3d at 945 (internal quotations and citations omitted); see also 29 U.S.C. § 2611(4) (the term

"employer" in the context of FMLA "means any person engaged in commerce or in any industry

or activity affecting commerce who employs 50 or more employees for each working day during

each of 20 or more calendar workweeks in the current or preceding calendar year . . . .").

Generally, "[e]mployees jointly employed by two employers must be counted by both employers,

whether or not maintained on one of the employer's payroll, in determining employer coverage and employee eligibility.  For example, an employer who jointly employs 15 workers from a temporary placement agency and 40 permanent workers is covered by FMLA."  29 C.F.R. § 825.106(d).  "In those cases in which a PEO is determined to be a joint employer of a client employer's employees, the client employer would only be required to count employees of the PEO (or employees of other clients of the PEO) if the client employer jointly employed those employees."  29 C.F.R. § 825.106(d) (emphasis added).

Here, Plaintiff's Amended Complaint simply alleges "Defendants were joint employers of Plaintiff . . . [who] [c]ollectively . . . had more than 50 employees."  Am. Compl., ¶ 48.  Even accepting the allegations in the Amended Complaint as true, Plaintiff fails to sufficiently plead that Portland Chimney "jointly employed" more than fifty employees as contemplated under FMLA.  Accordingly, Portland Chimney's motion to dismiss Plaintiff's first claim for relief is granted.

**B. Plaintiff's Fourth Claim for Relief Under ORS 659A.043**

Portland Chimney asserts that Plaintiff's fourth claim for relief, failure to reinstate pursuant to ORS 659A.043, fails because he does not allege Portland Chimney employs more than twenty workers.  ORS 659A.043 excepts workers whose employers employ twenty or fewer workers.  See ORS 659A.043(3)(b)(D) ("The right to reinstatement under [ORS 659A.043] does not apply to . . . [a] worker whose employer employs 20 or fewer workers at the time of the worker's injury and at the time of the worker's demand for reinstatement.").  As Portland Chimney correctly argues, the Amended Complaint here fails to allege Portland Chimney employs more than twenty workers.  Although Plaintiff contends that Defendants jointly

employed over twenty workers, I am aware of no authority, and Plaintiff fails to cite any, stating that the joint employer theory applies to ORS 659A.  Accordingly, Portland Chimney's motion to dismiss Plaintiff's fourth claim is granted.

### C. Plaintiff's Second Claim for Relief Under ORS 659A.040

Portland Chimney asserts that Plaintiff's fourth claim for relief alleging discrimination and retaliation in violation of ORS 659A.040 is a backdoor attempt to circumvent the requirement in ORS 659A.043 that the employer employ more than twenty workers.  See ORS 659A.043(3)(b)(D).  Unlike ORS 659A.043, however, ORS 659A.040 explicitly applies "to employers who employ six or more persons."  The language of ORS 659A.040 clearly applies to employers who employ at least six workers, not twenty-one.  Portland Chimney's argument lacks merit, and its motion to dismiss Plaintiff's second claim for relief is denied.

### D. Plaintiff's Fifth Claim for Relief: Wrongful Termination

Both Plaintiff and Portland Chimney agree that Plaintiff's wrongful termination claim is dependant upon Plaintiff's FMLA claim.  Portland Chimney argues that because Plaintiff's FMLA claim fails against it, his wrongful termination claim also necessarily fails.  I agree.  Portland Chimney's motion to dismiss Plaintiff's fifth claim is granted.

### E. Plaintiff's Sixth, Seventh, and Eight Claims for Relief: Wage Claims

Portland Chimney contends that Plaintiff's Sixth and Seventh claims for relief simply recite the bare elements of the underlying causes of action and fail to specify "ultimate facts," including when Portland Chimney failed to pay his wages, when Plaintiff performed the work or bought the materials entitling him to payment or reimbursement, and when his employment

ended.[3]  Plaintiff responds that pursuant to Rule 8, it need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It argues that the "ultimate facts standard" is a state law standard which is not applicable here, and that the facts alleged in the Amended Complaint sufficiently put Portland Chimney on notice of his claims and the grounds upon which they rest.

Plaintiff's sixth claim for relief alleges breach of contract, failure to pay wages, failure to reimburse Plaintiff for costs he incurred while working for Portland Chimney, and failure to pay accrued vacation time.  Am. Compl., ¶¶ 103, 104, 105.  Plaintiff's seventh claims for relief alleges failure to pay accrued vacation time and failure to pay wages within 48 hours after Plaintiff's employment ended.  Id., ¶¶ 110, 111.  Plaintiff clearly alleges that Portland Chimney failed to compensate him for his work, failed to reimburse him for expenditures he incurred while working at Portland Chimney, and failed to pay him for his accrued vacation time.  In addition, Plaintiff clearly alleges that he sustained an on-the-job work injury, made a workers' compensation claim with Defendants, and was later terminated by Portland Chimney.  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal quotations omitted).  Plaintiff's allegations provide Portland Chimney fair notice of the claims and grounds upon which they rest and set forth sufficient information about Plaintiff's wage claim theories to allow Portland Chimney to frame a reasonable defense.  Plaintiff's allegations satisfy the

---

[3]  Plaintiff agreed to strike his eighth claim for relief.  Accordingly, I do not address any of the parties' arguments related to this claim.

requirements under Rule 12(b)(6), and Portland Chimney's motion to dismiss Plaintiff's sixth

and seventh claims is denied.

### III. Motion to Strike Pursuant to Rule 12(f)

In the alternative, Portland Chimney seeks to strike paragraphs 105 and 110 in the

Amended Complaint pursuant to Rule 12(f). "[T]he function of a 12(f) motion to strike is to

avoid the expenditure of time and money that must arise from litigating spurious issues by

dispensing with those issues prior to trial . . . ." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d

880, 885 (9th Cir. 1983). Portland Chimney asserts that in Oregon accrued vacation pay

constitutes wages only if the right to receive payment for accrued vacation time is part of the

employee's employment contract, and that Plaintiff fails to allege his contract for employment

includes a right to receive payment for accrued vacation.

Paragraph 105 in Plaintiff's sixth claim for relief alleges breach of contract for failure to

pay accrued vacation time. See Am. Compl., ¶ 105. Paragraphs 109 and 110 state allegations

supporting Plaintiff's seventh claim for relief. Paragraph 109 "realleges all relevant paragraphs"

while paragraph 110 alleges that Portland Chimney "failed to pay [him] all wages earned . . . and

[his] accrued vacation time." See Id., ¶¶ 109, 110. I find the allegations in paragraphs 105 and

110 of the Amended Complaint serve the purpose of putting Portland Chimney "fairly on notice"

of its failure to compensate Plaintiff for accrued vacation time. McKeever v. Block, 932 F.2d

795, 798 (9th Cir. 1991); Fed. R. Civ. P. 8. Portland Chimney's motion to strike paragraphs 105

and 110 of the Amended Complaint is denied.

/ / /

/ / /

20 - OPINION AND ORDER

**IV. Motion to Make Plaintiff's Claims More Definite and Certain Pursuant to Rule 12(e)**

Portland Chimney seeks an order that Plaintiff make his claims more definite and certain pursuant to Rule 12(e). Specifically, Plaintiff seeks an order requiring Plaintiff to make more definite statements: (1) specifying how Portland Chimney changed the terms and conditions of his employment; (2) clarifying when he requested to be returned to work; and (3) stating whether he requested to be returned to full duty or modified duty employment. Portland Chimney also seeks an order requiring Plaintiff to make more definite statements with respect to: (1) when Plaintiff performed work for which he was not fully compensated; (2) when he made a demand for unpaid wages; (3) when he purchased materials for which he was not reimbursed and when he requested such reimbursement; and (4) when his employment at Portland Chimney ended.

Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Where a responsive pleading can reasonably be framed, a motion for more definite statement should be denied. See, e.g., Bureerong, 922 F. Supp. at 1461; see also Fed. R. Civ. P. 12(e). Where the detail sought by a motion for more definite statement is available through discovery, the motion should also be denied. See Beery v. Hitachi Home Elecs. (Am.), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

Plaintiff's claims here are not so indefinite that Portland Chimney is unable to ascertain the nature of the claims being asserted against it. In addition, the details sought by Portland Chimney are likely available through discovery. Portland Chimney's motion to make Plaintiff's claims more definite and certain is denied.

21 - OPINION AND ORDER

**V.  Motion for Leave to Amend Complaint**

Lastly, Plaintiff appears to seek leave to file a second amended complaint in his responses to BBSI's and Portland Chimney's motions to dismiss.  To the extent that he does, I find such an attempt improper.  Among other things, Plaintiff's motion for leave to file a second amended complaint is not in compliance with the Local Rules of the United States District Court for the District of Oregon ("Local Rules").  Under Local Rule 7-1(b), "[m]otions may not be combined with any response, reply, or other pleading."  Plaintiff's motion for leave to amend his complaint is denied.

**CONCLUSION**

For the reasons set forth above, BBSI's motion to dismiss (doc. #32) is DENIED, Portland Chimney's motion to strike (doc. #35) is DENIED, and Portland Chimney's motion to make Plaintiff's claims more definite and certain (doc. #35) is DENIED.  Portland Chimney's motion to dismiss (doc. #35) is GRANTED in part and DENIED in part without prejudice. Specifically, Portland Chimney's motion to dismiss is granted in part without prejudice as to Plaintiff's first, fourth, and fifth claim for relief.  Plaintiff's motion for leave to file a second amended complaint is improper and therefore DENIED, and he is ordered to seek leave by formal motion if he desires to amend his complaint.

IT IS SO ORDERED.

Dated this __27th___ day of September, 2011.

 /s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge

22 - OPINION AND ORDER